ALICE ISHAM, ADMINISTRATRIX OF THE ESTATE OF CYNTHIA ISHAM, DECEASED, APPELLANT, V. PATRICK W. BIRKEL ET AL., APPELLEES.

172 N. W. 2d 92

Filed November 21, 1969. No. 37269.

John McArthur, for appellant.

Wilson, Barlow & Watson and Ted L. Schafer, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

This action for wrongful death of Cynthia Isham was brought for the benefit of her parents, Donald and Alice Isham. On issues that included contributory negligence

of Alice in having failed to supervise Cynthia reasonably, a jury returned a general verdict for defendant. Plaintiff administratrix has appealed. In question is a ruling excluding testimony by Alice to her supervision of Cynthia, age 4, and three other children, ages 3 to 9.

The Ishams lived in a farmhouse that fronted on a graveled road. On August 11, 1967, about 11 a.m., Alice and the four children returned by automobile to their home. Approximately 15 minutes later the children were playing in the road near the Isham driveway when an automobile driven by defendant Patrick W. Birkel struck Cynthia. The impact caused her death.

The disputed ruling was made during direct examination of Alice as follows: "Q What did you do then when you got into the driveway? A We got out of the car and one of the — the second boy started to the road and I stopped him and told him that I didn't want them going out there; that I was going in the house to fix them lunch so we could go pick up their father.

"Mr. Barlow: Your Honor, I move to strike the statement made by the witness as to what she said as not responsive and hearsay. (Question . . . and Answer . . . read aloud by the reporter.)

"The Court: Do you mean the part about what she told him? Is that what you are objecting to?

"Mr. Barlow: Yes.

"The Court: Sustained.

"Mr. McArthur: Q Well, without repeating anything that the children said or that you said to them, did you admonish them not to go in the road? A Yes. Q Were all four of the children there in the yard at that time? A Yes. Q What did you do then? A I went into the house."

Now abandoning the hearsay ground, defendant argues that (1) the stricken testimony was not responsive and (2) any error was harmless in view of the subsequent answer that Alice had admonished the children.

Excluding testimony during oral examination at a

trial on the sole ground of nonresponsiveness raised by counsel who is not interrogating the witness is error. Cardenas v. Peterson Bean Co., 180 Neb. 605, 144 N. W. 2d 154 (1966). "This topic of responsiveness has somehow become in modern times beset with crude misunderstandings, that tend to suppress truth and turn the inquiry into a logomachy: (1) Sometimes it is said that the *party questioning* may object on this ground, but not the opposing party. But there should be no such distinction; if the answer gives an admissible fact, it is receivable, whether the question covered it or not . . . (3) That an opponent is entitled to the *striking out* of an answer which is non-responsive *and inadmissible* . . . is merely a rule excusing him from not having objected before the answer." III Wigmore on Evidence (3d Ed., 1940), § 785, p. 160. We are not deciding whether or not a motion by the interrogator to strike such testimony for nonresponsiveness is good.

Plaintiff's counsel fairly interpreted the ruling to exclude testimony to what Alice or a child at the time specifically said. The prejudicial error in the ruling remained in spite of the fleeting inquiry that escaped objection.

The judgment is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED.